# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MORRES HOLMES, | Case No.: 3:19-cv-00746-MMD-WGC |
| Plaintiff, | **Order** |
| v. | Re: ECF Nos. 1, 1-1 |
| NEVADA HIGHWAY PATROL | |
| Defendants. | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and *pro se* complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent

standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must

personally participate in misconduct to be liable under section 1983). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

Plaintiff's complaint names the Nevada Highway Patrol. Plaintiff alleges that after a car accident his vehicle was towed to a junkyard and he was not given access to the car and was not given an appraisal.

Initially, none of Plaintiff's allegations implicate any violation of Plaintiff's rights by the Nevada Highway Patrol. Instead, he appears to take issue with not being granted access to the car at the junkyard where it was towed, and about not being given an appraisal from the junkyard.

In addition, states, and governmental agencies that are an arm of the state, are not persons for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Howlett v. Rose,* 496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Savage v. Glendale Union High School,* 343 F.3d 1036, 1040 (9th Cir. 2003); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). The Nevada Highway Patrol is an arm of the State, and entitled to Eleventh Amendment immunity. Therefore, Plaintiff may not maintain a civil rights action against the Nevada Highway Patrol. *See Meza v. Lee*, 669 F.supp. 325, 328 (D. Nev. 1987).

Plaintiff is also advised that he cannot maintain a federal civil rights action against a private entity, such as the junkyard mentioned in his complaint because section 1983 requires conduct by a party that was acting under color of state law.

Plaintiff's action will be dismissed for failure to state a claim; however, the dismissal will be with leave to amend so that Plaintiff may attempt to state a cognizable claim against a proper defendant.

### **III. CONCLUSION**

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: March 17, 2020.

_____
William G. Cobb
United States Magistrate Judge