UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MORRES HOLMES,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>NEVADA HIGHWAY PATROL,<br>　　　　　　　　　Defendant. | Case No. 3:19-cv-00746-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

Plaintiff Morres Holmes sued Defendant Nevada Highway Patrol under 42 U.S.C § 1983 for towing his car after he got in a car accident. (ECF No. 5 (alleging civil rights violations on a Section 1983 form complaint).) Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[1] (ECF No. 14 ("Motion").) The Court reviewed Plaintiff's untimely response.[2] (ECF No. 19.) Because the Court finds it does not have subject matter jurisdiction over Plaintiff's claims, and as further explained below, the Court will grant the Motion.

**II.　BACKGROUND**

The following allegations are adapted from the Amended Complaint.[3] (ECF No. 5.)

///

---

[1]Defendant also mentions Rule 12(b)(2) in its Motion, but does not otherwise discuss personal jurisdiction, or appear to argue the Court lacks personal jurisdiction over it. (ECF No. 14 at 1; *see also generally id.*) The Court accordingly construes the Motion as seeking dismissal for lack of subject matter jurisdiction.

[2]Defendant did not file a reply.

[3]United States Magistrate Judge William G. Cobb dismissed Plaintiff's initial complaint primarily because he named the Nevada Highway Patrol as the only Defendant. (ECF No. 3 at 4-5.) Shortly thereafter, Plaintiff filed the operative Amended Complaint, where he again names the Nevada Highway Patrol as the only Defendant. (ECF No. 5 at 1.)

On January 15, 2018, Plaintiff's car was towed after a car accident and sent to AA Junk Yard. (*Id.* at 3.) Plaintiff alleges he has suffered "emotional damage and civil rights" because he was not given an appraisal for his car before it was sent to the junkyard. (*Id.*) Plaintiff seeks damages of $100,000 or more. (*Id.* at 4.) The only named Defendant in the Amended Complaint is the Nevada Highway Patrol. (*Id.* at 1.)

### III. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Plaintiff's burden is subject to a preponderance of the evidence standard. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Federal courts are courts of limited jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may be raised at any time and by any party." *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing Fed. R. Civ. P. 12(b)(1)).

### IV. DISCUSSION

Defendant moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction because of its Eleventh Amendment sovereign immunity and because it is not a "person" subject to suit under Section 1983. (ECF No. 14.) Plaintiff did not respond to these arguments. (ECF No. 19.) The Court agrees with Defendant.

"Federal courts are without jurisdiction to entertain suits seeking civil damages against a state." *Prod. & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 21 (9th

Cir. 1983) (citing *Quern v. Jordan*, 440 U.S. 332, 337 (1979)). While a state may waive its Eleventh Amendment immunity to suit, Nevada has not done so. *See id.* (citing *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982)).

Here, Plaintiff sued Defendant for emotional distress and deprivation of his property, seeking money damages. (ECF No. 5 at 1, 3-5.) Because the Nevada Highway Patrol was created as a subsection of the Department of Motor Vehicles, a Nevada state agency—and is funded by the Nevada state treasury—it is entitled to Eleventh Amendment protections. *See Meza v. Lee*, 669 F. Supp. 325, 328 (D. Nev. 1987). The Eleventh Amendment accordingly bars Plaintiff's claims against Defendant as Nevada has not waived its sovereign immunity from suit. *See* NRS § 41.031(3) ("The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."). Moreover, the Nevada Highway Patrol is not a "person" who may be sued under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Meza*, 669 F. Supp at 329. Accordingly, the Court grants Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 14) is granted.

It is further ordered that this case is dismissed in its entirety.

///

///

///

///

///

///

1   The Clerk of Court is directed to enter judgment accordingly and close this case.

2   DATED THIS 2nd Day of August 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE